UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Distribution & Manufacturing Co., LLC,<br><br>                Plaintiff,<br><br>v.<br><br>NP Acquisition, LLC d/b/a Natural Pawz<br><br>                Defendant. | Case No. 23-cv-3250 (SRN/DTS)<br><br><br>**ORDER** |

Patrick C. Summers, Dewitt LLP, 901 Marquette Avenue, Suite 2100, Minneapolis, MN 55402, for the Plaintiff.

Amanda M. Williams and Shashi K. Gowda, Gustafson Gluek PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff American Distribution & Manufacturing Co. ("ADMC")'s Motion to Dismiss Counterclaim [Doc. No. 26]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court grants the motion.

I.      BACKGROUND

This matter arises out of a collection dispute between ADMC and NP Acquisition, LLC, d/b/a Natural Pawz, in which ADMC claims Natural Pawz owes it over one million dollars. (Compl. [Doc. No. 1] at 7, ¶ 13.) ADMC initially filed suit in Washington County District Court on September 22, 2023, alleging breach of contract, unjust

1

enrichment/quantum meruit, and account stated. (*Id*. at 1.) Natural Pawz removed the lawsuit to this Court on October 23, 2023.[1] (*Id*.)

On January 19, 2024, Natural Pawz filed an answer to the complaint, and asserted a counterclaim against ADMC. (Answer to Complaint and Counterclaim [Doc. No. 22].) The counterclaim alleges a number of facts related to the actions of two former officers of Natural Pawz, Carmine Piccone and Nadine Joli-Couer. (*Id*. at 7–8.) Natural Pawz seeks, through its counterclaim, a declaratory judgment establishing the rights and legal relations between the parties and non-parties pursuant to 28 U.S.C. § 2201(a). (*Id*. at 9.) Specifically, Natural Pawz asks the Court to declare that:

A. No written contract exists between the parties;

B. No agreement, written or otherwise, exists between the parties;

C. Defendant did not approve or ratify any orders placed with Plaintiff;

D. To the extent any orders were placed with Plaintiff, those orders were placed by Picone and Joli-Couer while acting outside the scope of their employment, and accordingly Defendant is not responsible for sums owed on those orders;

E. To the extent that any orders were placed with Plaintiff, under the terms of the Credit Agreement, Picone and Joli-Couer are personally liable for sums owed on those orders.

(*Id*. at 9–10.)

---

[1] ADMC is a citizen of the state of Minnesota, whereas Natural Pawz is a citizen of the state of Texas. (*Id*. at 2.) This Court has jurisdiction, because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

2

ADMC filed its motion to dismiss on February 9, 2024, arguing that the counterclaim fails to state a claim upon which relief can be granted. The Court held a hearing on the Motion on May 15, 2024, and took the matter under advisement. (*See* Minute Entry [Doc. No. 46].)

**II.    DISCUSSION**

A Rule 12(b)(6) motion to dismiss a counterclaim is subject to the same standard as a motion to dismiss a complaint. *See Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007). To survive a motion to dismiss, a counterclaim must allege sufficient facts to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a counterclaim is sufficient, the Court accepts as true all of the factual allegations in the claim and draws all reasonable inferences in favor of the nonmoving party. *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020).

Declaratory relief is discretionary, and "an important factor in exercising that discretion is whether the declaratory judgment plaintiff has another, more appropriate remedy." *Gulf Underwriters Ins. Co. v. Burris*, 674 F.3d 999, 1004 (8th Cir. 2012). Thus, "a redundant declaratory judgment claim should be dismissed." *American Achievement Corp. v. Jostens, Inc.*, 622 F. Supp. 3d 749, 766 (D. Minn. 2022) (quoting *Mille Lacs Band of Chippewa Indians v. Minnesota*, 152 F.R.D. 580, 582 (D. Minn. 1993)) (cleaned up). A declaratory judgment claim is not redundant merely because it is closely related to another claim. *Id.*; Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."). Rather, the appropriate inquiry is "whether resolving one claim 'would resolve all questions raised' by the other." *Id.*

3

(quoting *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 871 F. Supp. 2d 843, 862 (D. Minn. 2012)).

In *Mille Lacs*, a group of landowners disputed the plaintiff tribe's alleged treaty rights to hunt, fish, and gather on certain tracts of land, and sought court permission to assert a counterclaim seeking declaratory judgment on the status of the treaty. 152 F.R.D. at 582. The defendant landowners' proposed counterclaim sought a judgment declaring that the plaintiffs' alleged treaty rights were no longer in force and effect. The district court (Murphy, J.) observed that the proposed counterclaim and the plaintiffs' original claim to the territory raised "identical factual and legal issues." *Id*. Because the proposed counterclaim was redundant and would be moot upon disposition of the plaintiffs' claims, the court found that it was not a proper declaratory judgment claim and denied the defendants' motion. *Id*.

Other courts in this district, citing the *Mille Lacs* opinion, have similarly dismissed counterclaims seeking declaratory judgment where the counterclaim would be rendered moot by full resolution of the other claims pled in the case. *E.g.*, *American Achievement Corp.*, 622 F. Supp. 3d at 767 (dismissing a counterclaim for declaratory judgment that "requires the same analysis" as a tortious interference with a contract claim already pled in the case); *Great Lakes Gas Transmission*, 871 F. Supp. 2d at 862 (dismissing a counterclaim for declaratory judgment where resolution of the plaintiff's claim, including the defendant's affirmative defenses, would resolve all questions presented by the counterclaim).

In this case, ADMC has alleged a breach of contract claim, and the formation of a valid contract is a required element of that claim under Minnesota law. *See Lyon Financial Servs., Inc. v. Ill. Paper and Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014). Thus, the question of whether any agreement, either written or otherwise, exists between the parties will necessarily be resolved through litigation of the complaint. Further, Natural Pawz asserts five affirmative defenses, including "lack of privity", that ADMC's damages "were caused by factors or persons outside of the control of" Natural Pawz, and that those persons owe "contribution and indemnity." (Answer at 5.) The Court finds that resolution of ADMC's claim, along with the affirmative defenses raised by Natural Paws, would resolve all questions raised by the counterclaim. Accordingly, the counterclaim is redundant, and should be dismissed.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff American Distribution & Manufacturing Co.'s Motion to Dismiss Counterclaim [Doc. No. 26] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 29, 2024
/s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge